# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK J. CAPOZZI,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Respondent. | Civil Action No. 21-19533 (CPO)<br><br>**OPINION AND ORDER** |

O'HEARN, United States District Judge:

On November 2, 2021, the Court received Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Before the Court is Petitioner's motion to expedite and to issue an order to show cause, which was filed on November 29, 2021. (ECF No. 2.) Petitioner demands that the Court expedite this matter and order Respondent to show cause as to why the writ should not be granted pursuant to 28 U.S.C. § 2243.

Under § 2243, the statute states in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. In his motion, Petitioner refers only to the first portion of that provision and argues that the statute states that the Court "SHALL, meaning MUST, and FORTHWITH, meaning IMMEDIATELY," issue an order to show cause. (ECF No. 2, at 2.) Petitioner ignores the second half of that provision, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court has not yet completed its screening to determine whether Petitioner is not entitled to relief.

In any event, "§ 2243 is not the only statute governing a habeas petition." *E.g.*, *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017). Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule"), provides the Court with an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243. As Judge Cecchi explained:

> In addition to the aforementioned actions authorized by § 2243, this Court is also authorized by Rule 4 to order Respondent to file an answer. Habeas Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947). . . . Here, there is no question that Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948, if a conflict exists between the two.

*Iremashvili*, 2017 WL 935441, at *2.

Under Rule 4,[1] there are no absolute time limits, and the Rule allows the Court to consider a variety of factors in determining the appropriate deadlines. *See id.*; *see also Mouscardy v. White*,

---

[1] Habeas Rule 4 states, in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

2

No. 20-2143, 2020 WL 5424712, at *1 (D.N.J. Sept. 10, 2020). Rule 4 also allows the Court to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Habeas Rule 4. The advisory committee discussed the interplay between Habeas Rule 4 and § 2243:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices, additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made

*Iremashvili*, 2017 WL 935441, at *3 (quoting Habeas Rule 4 advisory committee's note to 1976 adoption).

"In light of the conflict between § 2243's strict time requirements and Rule 4's grant of discretionary time limits, the Court finds that Rule 4, the later-enacted statute, controls." *E.g.*, *Iremashvili*, 2017 WL 935441, at *4; *see also Mouscardy*, 2020 WL 5424712, at *1; *cf. Hayon v. Reardon*, No. 20-4668, 2021 WL 25365, at *7 (E.D.N.Y. Jan. 4, 2021) (denying a motion to proceed forthwith and explaining that "[o]beying the explicit directives of section 2243 is not possible" (quoting In re Habeas Corpus Cases, 216 F.R.D. 52, 54 (E.D.N.Y. 2003)).

Consequently, "the Court is not obligated to issue a show-cause order as Petitioner alleges; indeed, the common practice for courts in this District is to order respondents to answer within 45 days." *Iremashvili*, 2017 WL 935441, at *4 (citing cases). In recent years, some courts have considered the United States Attorney's Office's "general workload and other issues caused by the

3

COVID-19 pandemic," to extend the time to answer to sixty days. *See Mouscardy*, 2020 WL 5424712, at *1–2.

For all those reasons, the Court will deny Petitioner's motion to expedite and to issue an order to show cause. The Court will complete its screening of the Petition in due course and if determined to be appropriate, order a response at that time. Accordingly,

IT IS, on this 10<u>th</u> day of December 2021,

**ORDERED** that Petitioner's motion to expedite and to issue an order to show cause, (ECF No. 2), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

/s Christine P. O'Hearn
CHRISTINE P. O'HEARN
United States District Judge