# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK J. CAPOZZI,<br><br>    Petitioner,<br><br>v.<br><br>LAMINE N'DIAYE,<br><br>    Respondent. | Civil Action No. 21-19533 (CPO)<br><br><br>**OPINION AND ORDER** |

O'HEARN, United States District Judge:

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined, *with the following caveats*, that dismissal without an answer and the record is not warranted. The Court will *only* permit Ground One to proceed at this time.

As to the remainder of the Petition, under § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a person must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be

presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison [related] action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, under Ground Two, Petitioner alleges that a prison official refused to provide him with a grievance form necessary to dispute his sentence computation. (ECF No. 1, at 6; ECF No. 1-1, at 6.) Petitioner contends that depriving him of the grievance procedure violated his rights under the First and Fifth Amendments. (ECF No. 1, at 6.)

To the extent Petitioner seeks independent habeas relief under the First and Fifth Amendments, these claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's claims regarding the grievance procedure do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.

For example, assuming *arguendo* that refusing to provide Petitioner with a grievance form violated his rights, it would not automatically result in his sooner release and "would not [directly] alter [the length of] his sentence or undo his conviction." *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009). As a result, he cannot proceed on such claims by habeas petition, and this Court lacks jurisdiction to hear these claims. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi*, 353 F. App'x at 681.

In any event, even if the Court had jurisdiction, Petitioner's First and Fifth Amendment claims lack merit. Generally, the First Amendment confers a "right to petition the Government for redress of grievances," which traditionally involves access to the courts. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.17 (3d Cir. 2018). The First Amendment does not, however,

"impose any affirmative obligation on the government to listen, to respond or . . . to recognize" a grievance. *E.g.*, *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979); *see also Minnesota State Bd. Community Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications.").

Likewise, there is no First Amendment right to an "administrative grievance process or any particular relief . . . through such process." *Gittens v. Scholtz*, No. 18-2519, 2019 WL 3417091, at *4 (D.N.J. July 29, 2019) (quoting *Horsh v. Clark*, No. 17-316, 2019 WL 1243009, at *5 (W.D. Pa. Mar. 18, 2019) (citing *Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977))); *see also Snisky v. Ortiz*, No. 17-7731, 2020 WL 2520419, at *4 (D.N.J. May 18, 2020); *Bakhtiari v. Spaulding*, No. 17-16, 2017 WL 2778524, at *14 (M.D. Pa. June 27, 2017). Similarly, inmates have "no constitutional right to a grievance procedure" under the Fifth Amendment. *See, e.g.*, *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009); *Jones v. United States*, No. 18-13943, 2020 WL 1243916, at *6 (D.N.J. Mar. 16, 2020).

For all those reasons, the Court will dismiss with prejudice Ground Two for lack of jurisdiction. In the event that Respondent moves to dismiss this matter for failure to exhaust, the Court will consider the substantive allegations set forth in Ground Two as part of any opposition to that motion. Accordingly,

IT IS, on this 3rd day of January 2022,

**ORDERED** that the Federal Bureau of Prisons is DISMISSED WITH PREJUDICE, as the sole proper respondent in a petition brought under 28 U.S.C. § 2241 is the warden of the facility where the prisoner is currently being held, in this case, that is Warden Lamine N'Diaye, *see*

*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); and it is further

**ORDERED** that Ground Two is DISMISSED WITH PREJUDICE for lack of jurisdiction; and it is further

**ORDERED** that the remainder of the Petition may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Opinion and Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within sixty (60) days of the date of the entry of this Order, Respondent shall file and serve an answer which responds to the allegations and grounds in the Petition, and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within sixty (60) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

/s Christine P. O'Hearn<br>
CHRISTINE P. O'HEARN<br>
United States District Judge